Derek A. FARMER, Plaintiff–Appellant,

v.

Richard P. SEITER; Thomas J. Stickrath; George F. Denton; Ronald C. Marshall; Harry K. Russell; Wayne O. Chambliss; Paul Blair; Arnold Hall; Wayne Taylor; Harlan J. Wagoner, Defendants–Appellees.

No. 87–3289.

United States Court of Appeals, Sixth Circuit.

Aug. 3, 1989.

---

Before MERRITT and RYAN, Circuit Judges, and POTTER, District Judge.*

## ORDER

This case is on remand from the United States Supreme Court — U.S. ——, 109 S.Ct. 2426, 104 L.Ed.2d 984, for us to reconsider our previous judgment in light of the Court's recent decision in *Hardin v. Straub,* —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

On October 19, 1988, 860 F.2d 1078 (6th Cir.1988), we affirmed the district court's dismissal of Farmer's civil rights complaint which alleged that the defendants subjected him to an illegal search and seizure, denied him access to the courts, and improperly placed him in administrative segregation. The district court dismissed the suit as time-barred by Ohio's one-year statute of limitations in that Farmer's complaint was filed on July 10, 1984, yet his fourth amendment claim accrued on July 2,

1982, when the defendants illegally searched him; his procedural due process claim accrued on July 7, 1982, when he received his disciplinary hearing; and his access to the court claim accrued on July 11, 1982, on the last day he was allegedly denied access to the prison law library. The district court also found that Ohio's tolling statute, Ohio Rev.Code § 2305.16, was inapplicable because Farmer had not alleged that he was both incarcerated and of unsound mind.

Upon consideration, we conclude this case should be remanded to the district court for reconsideration in light of *Hardin v. Straub, supra.* Accordingly, it is so ORDERED.